Filing # 67653854 E-Filed 02/07/2018 03:47:17 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

**ASHLEY KOZAWICK,**

    **Plaintiff,**

**vs.**                                                       **Case No.:**

**DIGITAL RISK MORTGAGE SERVICES,
LLC., a Florida For-Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ASHLEY KOZAWICK ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, a Florida for Profit Corporation ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, ASHLEY KOZAWICK, brings this action pursuant to the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq.* (the "FMLA"), to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA.

1

## VENUE

3.      The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

4.      At all times material to this action, Plaintiff was a resident of Orange County, Florida.

5.      At all times material to this action, Defendant DIGITAL RISK MORTGAGE SERVICES, LLC, was and continues to be a Florida For Profit Corporation.

6.      Furthermore, at all material times relevant to this action, Defendant was and continues to be engaged in business in Florida, doing business in Orange County, Florida.

7.      Plaintiff was hired on or about March 16, 2015 as a Mortgage Loan Processor (Loan Officer) at Defendant's place of business located at: 2301 Maitland Center Parkway, Ste. 165, Maitland, FL 32751.

8.      At all times material to this action (2015-17), Plaintiff was an "employee" of Defendant's within the meaning of the FMLA.

9.      At all material times relevant to this action, Defendant is and continues to be an "employer" within the meaning of the FMLA.

10.     DIGITAL RISK MORTGAGE SERVICES, LLC, is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar work weeks in the current or preceding calendar year.

11.     At all times relevant hereto, Plaintiff worked at a location where DIGITAL RISK MORTGAGE SERVICES, LLC employed fifty (50) or more employees within a seventy-five (75) mile radius.

2

12. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA based on the fact that she was employed by the employer for at least a twelve (12) months and worked at least one thousand, two hundred and fifty (1,250) hours during the relevant twelve (12) month period prior to her seeking to exercise her rights to FMLA leave.

## FMLA ALLEGATIONS

8. At all times relevant to this action, DIGITAL RISK MORTGAGE SERVICES, LLC, failed to comply with 29 U.S.C. §2601, *et seq.*, because Plaintiff validly exercised her rights pursuant to the FMLA.

9. Defendant interfered with Plaintiff's right to take FMLA leave.

10. Defendant also retaliated against Plaintiff because she sought medical leave under the FMLA.

11. During her employment, on or about October 17, 2017, Plaintiff put Defendant on notice that she needed medical attention due to her high-risk pregnancy thru Defendant's representatives, including her Supervisor (Jerri) and the Human Resource representative (Kyle Tracy).

12. Specifically, on October 17, 2017 Plaintiff sent an email to Human Resources Representative (Kyle Tracy) requesting FMLA documentation in order to have her doctor complete the same.

13. That same day, Mrs. Tracy replied providing her the FMLA paperwork, including FMLA Employee Notice, FMLA Request, and Benefits Summary; and requesting her to fill everything out.

14. Defendant required Plaintiff to provide medical documentation by October 31, 2017.

15. Plaintiff sought medical attention and was placed on 2 days rest from October 19, 2017 to October 20, 2017.

16. On or about October 19, 2017, Plaintiff notified her Manager (Jerri) of her medical excuse ("Authorization for Absence") signed by Dr. Erik Lerner, D.C. which provided for 2 days of rest.

17. Defendant terminated Plaintiff's employment that same day of October 19, 2017.

18. Defendant did not provide any notice to Plaintiff advising her of eligibility to take FMLA leave pursuant to 29 C.F.R. 825.300.

19. Plaintiff suffered significant wage loss.

20. Defendant denied Plaintiff's request by terminating her.

## COUNT I -
## FMLA- INTERFERENCE WITH RIGHT TO TAKE LEAVE

21. Plaintiff reasserts and reincorporates all allegations contained in paragraphs 1-20 above as though fully stated herein.

22. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

23. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

24. At all material times relevant to this cause of action, Plaintiff suffered from a "a serious health condition" within the meaning of the FMLA.

25. Plaintiff gave Defendant appropriate notice of her need to be absent from work due to her serious health condition caused by her high risk pregnancy.

26. Defendant interfered with the exercise of Plaintiff's right to unpaid leave.

27. Plaintiff would have been eligible for FMLA benefits.

28. Plaintiff was denied FMLA leave.

29. As a result of Defendant's intentional, willful, and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

31. Defendant's violation of the FMLA was willful, as Plaintiff's direct supervisor engaged in the above-referenced actions while knowing that the same were impermissible under the FMLA.

## COUNT II -
## FMLA- RETALIATION

32. Plaintiff readopts and incorporates all allegations contained in paragraphs 1-21 above, as though fully stated herein.

33. At all times relevant to this action, Defendant retaliated against Plaintiff, at least in part, because Plaintiff sought leave from work that was protected under the FMLA.

34. At all times relevant to this action, Defendant retaliated against Plaintiff, at least in part, because Plaintiff was retaliated against due to FMLA leave and her pregnancy health condition.

35. At all times relevant to this action, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking time off work under the FMLA.

36. At all times relevant to this action, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her right to leave pursuant to the FMLA.

37. As a result of Defendant's intentional, willful, and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

39.     Defendant's violation of the FMLA was willful, as Plaintiff's direct supervisor engaged in the above-described actions while knowing that the same were impermissible under the FMLA.

WHEREFORE, Plaintiff, ASHLEY KOZAWICK, demands judgment against Defendant, DIGITAL RISK MORTGAGE SERVICES, LLC, for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs incurred, and all other relief deemed just and appropriate.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 9th day of February, 2018.

Respectfully submitted,

*s/ Carlos V. Leach*
Carlos V. Leach, Esquire
FBN 0540021
THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
*Attorney for Plaintiff*